IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE NAWA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 3052 |
| | ) |
| COMMONWEALTH EDISON COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Commonwealth Edison Company's (ComEd) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted.

## BACKGROUND

In 2008, Plaintiff Steve Nawa (Nawa) allegedly began working for ComEd in a Meter Reading Manager position. Nawa claims that in late 2010 and early 2011 he discovered certain billing errors relating to certain ComEd customers. In September 2011, Nawa allegedly requested a meeting with Senior Vice President Fidel Marquez (Marquez) and with President Anne Pramaggiore to discuss the billing irregularities that Nawa claimed to have discovered. Nawa claims that within a week of

1

requesting the meeting with Marquez, Nawa was informed that his employment was going to be terminated. ComEd then allegedly decided instead to transfer Nawa to a Weekly Planning Manager position in Rockford.

Nawa indicates that he was not content in his new position in Rockford and that one day a co-worker made an objectionable comment to Nawa. Nawa allegedly complained to ComEd management about the comment and called a hotline to report the comment. Nawa was allegedly subsequently placed on paid suspension, and then his employment was terminated. Nawa includes in his complaint a state law retaliation claim brought under the Illinois Human Rights Act (IHRA), 775 ILCS 5/1–101 *et seq.* (Count I), and a state law retaliatory discharge claim (Count II). ComEd now moves to dismiss the IHRA retaliation claim.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

ComEd contends that the IHRA retaliation claim is untimely and that the tolling doctrines are not applicable.

I.  Timeliness of Filing

ComEd contends that Nawa's charge of retaliation was not filed within the limitations period for an IHRA claim. An IHRA charge must be filed with the Equal Employment Opportunity Commission (EEOC) or with the Illinois Department of Human Rights (IDHR) within 180 days of the discriminatory action. 775 ILCS 5/7A-102; *see also Bagwe v. Sedgwick Claims Management Services, Inc.*, 2014 WL 4413768, at * 6 (N.D. Ill. 2014)(stating that "IHRA claims must be filed with the EEOC or the Illinois Human Rights Department within 180 days of the

discriminatory act"); *Scott v. City of Kewanee*, 2014 WL 1302025, at *4 (C.D. Ill. 2014)(stating that "[t]he charge must be filed with the IHRD within 180 days of the alleged civil rights violation").

In the instant action, Nawa alleges ComEd retaliated against him in violation of the IHRA when it decided to terminate his employment. (Compl. Par. 21). Nawa further alleges that the decision to discharge him was made in May 2012. (Compl. Par. 21). When making inferences in favor of Nawa, the non-movant, the latest that the decision to terminate his employment could have been made would have been May 31, 2012. In order for Nawa to have filed the Charge in a timely manner within 180 days, Nawa would have had to file the Charge by November 27, 2012. Nawa has attached to his complaint the Notice of Dismissal from the IDHR. (Compl. Ex. 1). Such exhibit can be considered as part of Nawa's pleading. Fed. R. Civ. P. 10(c). The Notice of Dismissal makes reference to Nawa's retaliation charge (Charge) filed with the IDHR. (Compl. Ex. 1). Nawa also specifically references the Charge in his complaint. (Compl. Par. 5). ComEd has attached a copy of the Charge to its motion to dismiss, which can be considered for the purposes of ruling on the instant motion. *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 975 (7th Cir. 2013)(stating that "[a]t the dismissal stage, the court is typically confined to the pleadings alone, but [i]t is . . . well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim")(internal quotations omitted)(quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

4

The Charge reflects that it was signed by Nawa on August 5, 2013, and dated by the IDHR on August 7, 2013, over eight months after the statutory deadline for filing the Charge. Thus, the Charge was untimely and Nawa is barred from bringing the IHRA retaliation claim in this action. *See Copeling v. Illinois State Toll Highway Authority*, 2014 WL 540443, at \*4 (N.D. Ill. 2014)(stating that "[f]ailure to comply with the IHRA's exhaustion requirements warrants dismissal of an IHRA claim"); *Weatherly v. Illinois Human Rights Com'n*, 788 N.E.2d 1175, 1178-79 (Ill. App. Ct. 2003)(stating that since the IHRA "creates a remedy which was unknown at common law and also sets the time within which a charge may be filed with the [IDHR], compliance with the statutory time limit is a condition precedent to the right to seek a remedy").

II. Tolling Doctrines

Nawa argues that even if his IHRA retaliation claim is untimely, the court should find that the tolling doctrines are applicable in this case and enable him to pursue his claim. The "two principal tolling doctrines" are equitable estoppel and equitable tolling. *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). The equitable estoppel doctrine is applicable when "the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations as a defense." *Id.* (internal quotations omitted)(quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)). The equitable tolling doctrine is applicable when "*despite all due diligence*" the plaintiff "is unable to

obtain vital information bearing on the existence of his claim." *Clarke*, 703 F.3d at 1101 (emphasis in original)(internal quotations omitted)(quoting *Cada*, 920 F.2d at 451).

Nawa contends that the IDHR misled him, which prevented him from bringing the Charge in a timely fashion and that the equitable estoppel doctrine is applicable in this case. Nawa claims that on June 4, 2012, he was interviewed (Interview) by Adam Thorn (Thorn), an IDHR Investigator. During that interview, a charge by Nawa relating to alleged harassment (Harassment Charge) at his workplace was prepared. According to Nawa, Thorn "completed the charge form and had Nawa execute the charge." (Ans. Dis. 6). Nawa contends that he was not represented by an attorney at that time and contends that Thorn "made several statements that a reasonable person would consider as dissuading Nawa from seeking advice of an attorney. . . ." (Ans. Mot. 5-6). Nawa also claims that he informed Thorn of the "facts supporting his retaliation discharge during this June 4, 2012 interview." (Ans. Dis. 6). Nawa claims that he did not hire an attorney until December 2012, after the deadline for filing the Charge. Nawa contends that he "was misle[d] by IDHR action and prejudiced by its inaction." (Ans. Dis. 5).

Nawa bore the responsibility of deciding whether or not to file a retaliation charge with the IDHR, not Thorn or the IDHR. Nawa has not presented any facts that suggest that he was in any way prevented from doing so by Thorn or any other IDHR employee. Nor has Nawa presented facts that suggest that Thorn should have included the retaliation claim in the Harassment Charge. Nawa acknowledges that he

6

"executed" that Harassment Charge. (Ans. Disc. 6). There is no indication that Nawa failed to read the Harassment Charge before signing it or that he was prevented from doing so in any way by Thorn. Also, Nawa has not explained why he should not reasonably have realized that the Harassment Charge contained no retaliation claim well before the IHRA limitations period expired. There are no facts that suggest that Thorn made statements to suggest that he was representing Nawa or that he was going to act on Nawa's behalf as counsel in the matter. Nawa has not alleged facts that suggest that Thorn prevented Nawa from including the retaliation claim in the Harassment Charge or that even suggest that Thorn was negligent in performing his duties.

As to Nawa's claim that he was dissuaded by Thorn from seeking counsel, Nawa was not entitled under the law to counsel when meeting with Thorn, and it was Nawa's decision alone to wait over five months after his discharge to seek counsel. Nawa cannot in hindsight seek to circumvent the IHRA limitations period by claiming that he felt as though he was misled by the IDHR. Nor has Nawa offered facts to explain why after he finally obtained counsel in December 2012, he did not seek to amend the Harassment Charge or file a retaliation charge and instead waited until August 2013 to do so. As indicated above, Nawa must show that the IDHR took "active steps to prevent" Nawa from Filing the Charge in a timely fashion. *Clarke*, 703 F.3d at 1101. Even if we accept Nawa's claim on its face that he felt that Thorn made statements that suggested that an attorney may not be necessary, that is a far cry from Thorn taking active steps to prevent Nawa from filing his

7

Charge in a timely fashion.

Nawa also argues that in regard to his argument that the IDHR misled him and prevented him from filing his Charge in a timely fashion, there are facts that can only be addressed after discovery and evidence it presented to the court at the summary judgment stage. However, even at the pleadings stage, Nawa has failed to present facts in his response to the motion to dismiss to plausibly suggest that Thorn who works for the IDHR and is charged with protecting the rights of individuals such as Nawa, purposefully attempted to ensure that Nawa could not bring his Charge in a timely fashion or even unintentionally prevented Nawa from doing so. Even when construing all the facts in Nawa's favor, there are not sufficient facts to show that the IDHR misled Nawa or prevented him from filing his Charge in a timely fashion.

Finally, Nawa contends that in December 2012, he was present in a fact-finding conference relating to the Harassment Charge and that at that time there was a discussion of Nawa's belief that he had been subjected to unlawful retaliation. Nawa contends that ComEd was thus aware at that juncture of a retaliation claim. However, by December 2012, the IHRA limitations period had expired. In addition, even if as Nawa claims, there was a discussion about unlawful retaliation, until Nawa actually decided to file a retaliation claim, no such claim existed. Thus, the equitable estoppel doctrine is not applicable in this case. Nor has Nawa shown that the equitable tolling doctrine applies in this case. Thus, the IHRA retaliation claim is untimely and Nawa has not shown that any of the tolling doctrines apply. Therefore, ComEd's motion to dismiss the IHRA retaliation claim (Count I) is granted.

## CONCLUSION

Based on the foregoing analysis, ComEd's motion to dismiss the IHRA retaliation claim (Count I) is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 19, 2014